-Cause #940376-

-Page - 9

-IDENTITY OF PARTIES-

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

JUL 14 2015

CHRISTOPHER A. PRINE
CLERK

Relator:
Mr. Ted Lawrence Robertson
#1175868
Beto Unit
1391 F.M. 3328
Tennessee Colony, Tx. 75880

FILED IN
1st COURT OF APPEALS
HOUSTON, TX
AUG 4, 2015
CHRISTOPHER A. PRINE,
CLERK

Respondent:
174th Harris County District Court / Judge George Godwin / Judge Ruben Guerrero
1201 Franklin
Harris County Criminal Justice Centre
Houston, Tx. 77002

# -TABLE OF CONTENTS-

| | Page |
|---|---|
| IDENTITY OF PARTIES | i |
| TABLE OF CONTENTS | ii |
| INDEX OF AUTHORITIES | iii |
| STATEMENT OF THE CASE | 1,2,3 |
| STATEMENT OF JURISDICTION | 3 |
| ISSUES PRESENTED | 3 |
| STATEMENT OF FACTS | 3,4 |
| ARGUMENT | 5,6,7,8,9,10,11,12,13,14,15 |
| PRAYER | 15 |
| CERTIFICATION | 16 |
| APPENDIX | 16 |
| CERTIFICATE OF SERVICE | 17 |
| AFFIDAVIT OF INABILITY TO PAY COSTS | 17,18 |

# -INDEX OF AUTHORITIES-

| Cases: | Page#: |
|---|---|
| In Re: ALPERT, 276 SW.3d 592 | -14 |
| Amateur Hall. Kennel v Hoffman, 893 SW.2d 600 | -15 |
| In Re: CHILDS, 288 SW.3d 328 | -15 |
| Custom Corp. v Security Storage, 207 SW.3d 835 | -9 |
| Dunn v Street, 938 SW.2d 33, 35 | -9 |
| Eagle Stencil Corp. v Wittig, 766 SW.2d 39 | -15 |
| In Re: FLORES, 111 SW.3d 817 | -14 |
| Gerhart v Hayes, 201 F.3d 646 | -13 |
| Hernandez v Lopez, 288 SW.3d 180 | -6, 7, 8, 9, 10, 11, 12, 13, 15 |
| In Re: KIMBALL HOMES, 969 SW.2d 243 | -15 |
| Law Office Of Tudley v Ferman, 140 SW.3d 407 | -5, 9 |
| In Re: Office Of Attorney Gen. Of Texas, 264 SW.3d 800 | -14 |
| Roman Catholic Diocese v County Of Dallas, 228 SW.3d 475 | -7, 8 |
| Rubin v Hoffman, 843 SW.2d 658 | -15 |
| In Re: Sw Bell. Telephone, 116 SW.3d 115 | -12, 13, 14 |
| In Re: SMALL, 286 SW.3d 525 | -14 |
| South Main Bank v Wittig, 909 SW.2d 243 | -15 |
| Ware v State, 62 SW.3d 344 | -6, 8 |
| West Texas State Bank v Contes Mgmt. Corp., 789 SW.2d 344 | -5, 9, 13 |

-STATE LAW/ STATUTES-

| | |
|---|---|
| Texas Rules Civil Procedure # 316 | -5, 6, 7, 8, 9, 10, 11, 12, 13, 15 |
| Texas Rules Civil Procedure, 321(a) | -5, 6, 7, 8, 9, 10, 11, 12, 13, 15 |
| Texas Rules Civil Procedure, #329b | -5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 |

- CAUSE # 940376 -

In Re:                               X  In The Texas Court Of Appeals

Ted Lawrence Roberson        X  First District Of Texas

PETITION FOR A WRIT OF MANDAMUS-

To The Honorable Justices/Judges Of Said Court:

Comes now Ted. Roberson, Relator Pro-Se, In The Above Captioned Cause, And Pursuant To The "T.R.A.P. Rule # 52 (ET-SEQ.) Original Proceedings" Respectfully Moves The Court To Immediately Declare The Nunc-Pro-Tunc Judgment, Issued By 174th Harris County District Court In Cause # 940376 On February 11, 2009, "To Be "Void" And "Immediately Issue A Writ Of Mandamus And/Or Order, That Affects/Orders The Respondent(s), To Immediately Vacate, Rescind And/Or Set-Aside, The Nunc-Pro-Tunc Judgment Issued By 174th Harris County District Court, In Cause # 940376, On February 11, 2009".

Relator, Respectfully Moves The Court To "Take Judicial Notice" Of The "Relators Attachments/Exhibits, to wit:

Exhibit # 22 Original Written Rendition Of Judgment In Cause # 940376
Exhibit # 39- Nunc-Pro-Tunc Judgment, In Cause # 940376 (Pg # 1-4)

And In Support Thereof, Relator Would Show The Court, The Following:

I
- STATEMENT OF THE CASE-

(1) June 10, 2003, Relator Was Convicted, In Cause # 940376, In 174th Harris County District Court, Of Alleged Offense Of "Violation Of A Protective Order" Which Is "A Class-A Misdemeanor," That Was "Enhanced" To A Third (3rd) Degree Felony', Due To "Indictment's Allegation Of Assault". (Ex # 22)

- Cause # 940376 -

(2) Punishment/Sentence In Cause # 940376 "Was" Assessed/Honored At (25) Twenty-Five Years In Texas Dept. Criminal Justice (Ex. # 22)

(3) June 10, 2003, 174 Trial Court Judge, George H. Crowden, Rendered/Signed, The Original Written Rendition Of Judgment In Cause # 940376", Which "Is" Relators Exhibit # 22" (Ex. # 22)

(4) Original Written Rendition Of Judgment, In Cause # 940376, States, In Pertinent Part:

Plea To Enhancement(s) - 1st Paragraph (N/A) - Not Applicable                    (Ex. # 22)

Plea To Enhancement(s) - 2nd Paragraph (N/A) - Not Applicable                    (Ex. # 22)

Finding On Enhancements - 1st Paragraph - (N/A) - Not Applicable                 (Ex. # 22)

Finding On Enhancement(s) - 2nd Paragraph (N/A) - Not Applicable                 (Ex. # 22)

(5) Original Written Rendition Of Judgment In Cause # 940376, "Was Issued On June 10, 2003", Thus, "174th Trial Court's Plenary Power / Jurisdiction Over Cause # 940376" Had "Expired On Or Before December 31, 2003", (Ex. # 22 - T.R.C.P. # 329b (d)(f))

(6) February 11, 2009", The "Respondent Rendered And Signed" A "Nunc-Pro-Tunc Judgment In Cause # 940376", That "Altered And/Or Modified, The Original Written Rendition Of Judgment In Cause # 940376, That Was "Entered / Issued / Rendered And Signed By 174 Trial Court Judge George H. Crowden, On June 10, 2003". (Ex. # 22 - Ex. # 29)

(7) Nunc-Pro-Tunc Judgment, In Cause # 940376", States, In Pertinent Part:

Plea To Enhancement(s) - 1st Paragraph - Not True                    (Ex. # 29)

Plea To Enhancement(s) - 2nd Paragraph - Not True                    (Ex. # 29)

Finding On Enhancements - 1st Paragraph - True                       (Ex. # 29)

Finding On Enhancement(s) - 2nd Paragraph - True                     (Ex. # 29)

(8) Nunc-Pro-Tunc Judgment, Rendered By Respondent, In Cause # 940376 On February 11, 2009, Is "Void"

## Cause #940376-

(9) "In November 2009, Or Early In 2010, Relator Filed A Motion To Vacate And/Or Set-Aside Nunc-Pro-Tunc Judgment, Rendered By Respondent In Cause #940376 On February 11, 2009." (Relator Has Attached A Copy Of Said Nunc-Pro-Tunc Judgment, And It Is Exhibit #39)

## -STATEMENT OF JURISDICTION-

"This Court Has Jurisdiction To Correct A Clear Abuse Of Discretion." And/Or "Failure To Perform A Ministerial Duty."

## -ISSUES PRESENTED-

(1) Void Nunc-Pro-Tunc Judgment, In Cause #940376
(2) Non-Clerical Error, In Cause #940376
(3) Abuse Of Discretion, By Respondent, In Cause #940376
(4) Failure To Perform Ministerial Duty, By Respondent, In Cause #940376
(5) Denial Of Due Process And/Or Equal Protection Of Law, By Respondent, In Cause #940376
(6) No Adequate Remedy By Appeal
(7) No Adequate Remedy By Law

## -STATEMENT OF FACTS-

(1) Void Nunc-Pro-Tune Judgment, In Cause #940376
(A) Nunc-Pro-Tunc Judgment, Rendered In Violation Of Law; Tex. R.App.P. 309b(a)(4). #21(a) #326
(B) Nunc-Pro-Tunc Judgment, Attempts To Correct Judicial Error/Reasoning After Expiration Of Trial Court's Plenary Power/ Plenary Jurisdiction; Tex.R.App.P. 326, 309b(a)(4)

-Cause# 940376-

(2) Non-Clerical Error In Cause#940376:

(A) Nunc-Pro-Tunc Judgement, Alters/Modifies An Element That 'Fails' To Be A Clerical Error; Plea + Evidence On Enhancement Paragraphs

(3) Abuse Of Discretion By Respondent In Cause#940376:

(A) Respondent, Judge Ruben Guerrero/174th District Court, Could Have Reasonably Reached Only One Decision, Concerning Motion For Nunc-Pro-Tunc Judgement; DENIAL

(B) Respondent, Failed To Analyze Or Properly Apply The Law Correctly, To The Facts; T.R.C.P. #329b (d)(f) #51(a), #316

(4) Failure To Perform A Ministerial Duty By Respondent, In Cause#940376:

(A) Respondent Had A Ministerial Duty (No Discretion) To Deny Motion For A Nunc-Pro-Tunc Judgement, And/Or 'Vacate, And/Or Set-Aside Nunc-Pro-Tunc Judgement In Cause#940376, According To The Law; T.R.C.P. 316, 329b(d)(f), #51(a)

(5) Denial Of Due Process And/Or Equal Protection Of Law By Respondent, In Cause#940376:

(A) Relator Was Denied Notice Of, And/or Presence On, Nunc-Pro-Tunc Judgement, Cause#940376; T.R.C.P. #316, 329b (d)(f), #51(a)

(B) Respondent Failed To Certify (Per Mandated Law); T.R.C.P. #316, #51(a) #329b(d)(f)

(6) No Adequate Remedy By █████ Appeal:

(A) All Appellate Time Limits Have Expired

(7) No Adequate Remedy By Law:

(A) Mandamus Is Relator's Only Adequate Remedy

## -Cause #940376-
## -ARGUMENT-
## I-VOID NUNC-PRO-TUNC JUDGMENT-I

The "Nunc-Pro-Tunc Judgment, Rendered By Respondent In Cause #940376 On February 11, 2009, In 174th Harris County District Court," Is "VOID" Because "Relator Was Denied Notice Of," And/Or "Hearing On," The "Motion For Nunc-Pro-Tunc Judgment." (Tx.R.C.P. #316, & 21(a))

"When Trial Court Modifies A Judgment, ... The "Trial Court Must Not Resort To A Hearing," And "MUST Provide Notice And Hearing," (Law Offices Of Tindey-V Branch, 140 SW.3rd 407 - Tx.R.C.P. #316, 21(a))

"The Original Written Judgment In Cause #940376," Was "Rendered On June 30, 2003," And "Therefore" "Respondent /174th District Court's Plenary Power Or Jurisdiction Over Cause #940376," Had "Expired, Or In Or Before December 31, 2003." (b.#22 - Tx.R.C.P. #329 b.(d)(f), #316, & 21(a))

"Failure To Give All Interested Parties Notice Of Intended Modification To Current Judgment By Nunc-Pro-Tunc Judgment," "AFTER" "Expiration Of Trial Court's Plenary Jurisdiction, Renders Any Modification," A "NULLITY, VOID," (Auffirms State Bond -V- Gourles-Nguien Court, 783 SW.2nd 304-Tx.R.C.P. #316, 21(a) 329b(d)

"Texas Rules Of Court Procedure Rule #316-Correction Of Clerical Mistakes In Records," States In Pertinent Part:

"Clerical Mistakes' In Records Of Any Judgment, 'May Be Corrected By Trial Court, Etc.,' ... AFTER Notice Of The Motion, Has Been Given To The Parties Interested In Said Judgment, As Provided By Rule#21(a)," And "THEREFORE," The "Judgment Shall Conform To The Judgment As Amended." (Tx.R.C.P. #316, & 21(a))

"NOTHING, In The Record, In Cause #940376," Reveals That Respondent Complied With The Mandate Of Texas Rules Of Court Procedure Rule #316, And/Or Rule 21(a).

-Cause #940376-

"The Nunc-Pro-Tunc Judgment, Issued By Respondent, In Cause #940376 On February 11, 2009, Is Also "VOID," because "The Evidence Is Insufficient To Support The Judgment's / Final Order's Implied Findings," That "The Original Written Judgment Of Judgment In Cause #940376," (Ex #22) When Had Indicating That Relator's Plea To And Jury's Favorable Law "Plea" Enhancement Paragraphs," Was "NOT-Applicable (N/A)," Consequently Amount "Contains A Clerical Error." (Hernandez v Lopez, 288 SW 3rd 180, #22)

"In Hernandez v Lopez, 288 SW 3rd 180," This "Texas First Court Of Appeals, States, In Material Part:

"The Trial Court's Signature Of The Judgment, 'Constitute The Rendition Of Judgment, And Because The Error Complained Of Was Present In Trial Court's Rendition Of Judgment On Trial Day, The 'Error, If Any, Constitutes Judicial Error.' (Hernandez v Lopez 288 SW 3rd 180 ; Also Tuster v 56 SD 3rd 265, 268 - Ex. #22 #29)

"Error Present, During Rendition Of Judgment, 'Is 'Always Judicial Error,' Which 'May 'NOT' Be Corrected By Nunc-Pro-Tunc Judgment." (Hernandez v Lopez, 288 SW 3rd 180 - Ex. #22 #29)

"Where An Incorrect Or Unauthorized Rendition Of Judgment Has 'NOT' Constitute An 'Error In The Entry or Recordation Of The Judgment,' This Cannot Be Corrected By A Nunc-Pro-Tunc Judgment." (Hernandez v Lopez 288 SW 3rd 180 - Ex. #22, #29)

"Nunc-Pro-Tunc Judgment,' That 'Attempts To Correct A Judicial Error 'After' Plenary Jurisdiction Has Expired,' Is 'VOID.' (Hernandez v Stroope v County Of Dallas, 288 SW 3rd 475 ; Hernandez v Lopez, 288 SW 3rd 180 - TRAP #16 529616(K) 3rd 260 - Ex. #22 #29)

"Nunc-Pro-Tunc Judgments May 'Not' Be Used, 'To 'Correct Judicial Omissions." (Ware v State 62 SW 3rd 344 - TRAP #316, 3rd 329h (K/A) - Ex. #22 #29)

-Cause# 940,376-

"Even If Trial Court, Incorrectly Rendered Judgment," The "Trial Court "Cannot Alter A Written Judgment, That Precisely Reflects The Judgment Rendered." (Hernandez-v-Lopez, 288 SW 3rd 180-Ex.#22, #29)

Therefore, "The Trial Courts Signing Of The Judgment, In Cause# 940,376 Constituted "The Trial Courts Rendition Of Judgment," And "Proving That Those Contained Of," to wit; "Plea To 15th Enhancement Paragraphs," And "Jury's Findings, On 30th Enhancement Paragraphs, Was "Present In Trial Court's Rendition Of Judgment On That Day," Of "June 30, 2003," Then The "Error, If Any" Constitutes "Judicial Error." (Hernandez-Lopez, 288 SW 3rd 180 Ex.#22, #29 / T.R.C.P. 316, 31(a), 309b (N.Y.)

Thus, "Nunc-Pro-Tunc Judgment" Is "VOID," because "Nunc-Pro-Tunc Judgment, At Best, Attempts To Correct," An Illegally Judicial Error Unassessed, And "Fails To Correct, A "Clerical Error," After" The "Expiration Of The Trial Court's Plenary Power / Plenary Jurisdiction" (T.R.C.P. 316, 31(a), 309 (N.Y.)

"Nunc-Pro-Tunc Judgment, That Attempts To Correct A Judicial Error, After" Plenary Jurisdiction, Has Expired" Is "VOID" (Hamilton, Barrist-v-County Of Dallas 28 W.3 @ 475 - Hernandez-v-Lopez, 288 SW 3rd 180)

Thus, "Nunc-Pro-Tunc Judgment, Rendered By Respondent, In Cause #940,376 On February 11, 2009, In 174th Harris County District Court," Is "VOID," The "Sentence Assessed And/Or Imposed In Cause #940,376, Is An Illegal And Void Sentence, The "Judgment Of This Court, In Cause #01-03-06-33-CR Is "VOID," Due To "Lack Of Jurisdiction By This First Court Of Appeals," The "Conviction In Cause# 940,376, Fails To Be A Final Judgment, And "Cause #940,376 MUST Be Remanded To 174th Harris County Court, For "New Judgement / Sentence." (Ex.#22, #29 Hernandez-Lopez, 288 SW 3rd 180)

"This Texas First Court Of Appeals, Set The Precedent In The Case Of "Hernandez-v-Lopez, 288 SW 3rd 180," And "This Court Cannot Ignore, Or Disregard, It's Own Decision." (Hernandez-Lopez 288 SW 3rd 180 - Ex.#22, #29

# -Cause#940376-
## -ARGUMENT-
## II   NON-CLERICAL ERROR - II

"The Nunc-Pro-Tunc Judgment In Cause#940376 Issued By Respondent In 174th District Court On February 1st, 2009," Is "An Attempt To Alter, At Best, A 'Judicial Error' or A 'Judicial Omission,' to wit: "Plea To Both Enhancements" and "Guilty's Finding On Both The Enhancements." (R. #22, #29)( Hernandez-Lopez, 288 S.W.3rd 180)

This, "Texas First Court Of Appeals," In "Hernandez-Lopez, 288 S.W.3rd 180" States, In Relevant Part:

"The Trial Court's Signing Of The 'Judgment,' Constitutes 'It's Rendition Of Judgment,' And 'Because The Error Complained Of, Was Present In Trial Court's Rendition Of Judgment On That Day,' The 'Error, If Any,' Constitutes 'Judicial Error.' (Hernandez-Lopez 288 S.W.3rd 180 - (R. #22, #29)

"Error Present, During Rendition Of Judgment,' Is Always Judicial Error,' which 'May Not Be Corrected By Nunc-Pro-Tunc Judgment.' (Hernandez-Lopez, 288 S.W.3rd 180 - R. #22, #29)

Thus, "Said Nunc-Pro-Tunc Judgment," Is "VOID," because "It Attempts To Correct," If Anything At All, And At Best,' A 'Judicial Error' 'Judicial Omission,' After Expiration Of Plenary Jurisdiction Thereof.' (R. #22, #29 Hernandez-Lopez 288 S.W.3rd 180 Compare with: Alcise-v-County Of Dallas, 288 S.W.3rd 475 Tex.App.#316 "396(td)(f)")

"Nunc-Pro-Tunc Judgments, May Not Be Used, To Correct Judicial Omissions.' (Ware-v-State, 62 S.W.3rd 344 - Tex.App.316 396(td)(f)(App)

## -Cause # 940376-
## -ARGUMENT-
## III - ABUSE OF DISCRETION -III

"The Respondent Committed An Abuse Of Discretion," By "Issuing Said Nunc-Pro-Tunc Judgment, In Cause # 940,376, On February 11, 2004" Because "Said Nunc-Pro-Tunc Judgment," Is "VOID." (R. 58, 59)

"Said Nunc-Pro-Tunc Judgment," Is "VOID", Because "The Alleged Error Complained Of, "to wit"; 'Plea To Enhancements' and 'Findings On Enhancements', Was "Present Outside The Rendition Of Judgment, On That Day," Of "June 20, 2003", And thus "The Error Complained Of If Any," Constitutes "Judicial Error." (Riggs v. Tuckez, 788 SW 3d 180 - Pr. #58, 59 Fn.#'s 316 #39b)

Error Present Within Rendition Of Judgment, Is Always Judicial Error, Which "May Not Be Corrected By Nunc-Pro-Tunc Judgment." (Riggs v. Tuckez, 788 SW 3d 180 - R. 58, 59 - Fn.#'s 316, #39b(a)(4). #31a

Also, "Said Nunc-Pro-Tunc Judgment," Is "VOID" Because Relator Was "Never Notice Of, And Hearing On," The "Motion For Nunc-Pro-Tunc Judgment". "Failure To Give All Interested Parties Notice Of Motion Undertaken, To Correct Judgment, By Nunc-Pro-Tunc, "AT The," Initiation Of Trial Court's Plenary Jurisdiction, Renders Any Correction, A Nullity Void." (In Re: Ex Parte v. Gonzales, Morganti, Perr. 703 SW 3d 304 - Fn.#'s 316, #31a 339b(1)(A)(4) (Riggs v. Tuckez, 788 SW 3d 180 - R. 58, 59 (See Case of Tuckey v. Parker, 40 SW 3d 467)

"Issuance Of A VOID Order," Is An "Abuse Of Discretion." (In re: Judge Elkouri, 707 SW 3d 835 - Fn. #58, #59 Fn.#'s 316, #31a #339b(a)(4))

"Mandamus Will Issue To Compel Trial Court To "Produce," Newline," Because "Failure Action Below," Is Necessarily "An Abuse Of Discretion," For "When The Legal Remedy Normal Access Is Inadequate." (Chronis Street, 935 SW 3d 3335 - Fn. #58, #59 - Fn.#'s 316, #31a, # 339b(a)(4))

-Cause# 940376-

It's "IMPOSSIBLE", To "SUGGEST", And "NOTHING In The Record In Cause #940376 SUGGESTS", That "RESPONDENT Needed RESPONDENT'S "PERSONAL" Recollection Of Facts, Surrounding Cause #940376, To Determine The "MOTION For Nunc-Pro-Tunc Judgment", Because "Cause #940376, Was Presided Over By The Hon. Judge George H. Godwin, In 174th District Court In 2003 (Ex. #22)", However, "RESPONDENT Became The Judge In 174th DISTRICT Court", In "2009". (Ex. #22, #29)(Ezuke, 976 SW (06)83)

"Relator Moves The Court To, "TAKE JUDICIAL NOTICE", OF THE Following:

① "ORIGINAL WRITTEN RENDITION Of Judgment, In Cause #940376," Was "ISSUED On June 10, 2003," (Ex. #22)

② "Nunc-Pro-Tunc Judgment, Was "Issued February 11, 2009", WHICH Is "FIVE-SIX (5-6 yrs.) Years, AFTER, Trial Court's PLENARY Jurisdiction EXPIRED, In Cause #940376, (Ex. #22, #29 - Tex. R. App. P. #39.5(a) #316.2(a))

③ "Nunc-Pro-Tunc Judgment", Is "ALLEGED By RESPONDENT," To HAVE Been Entered On June 11, 2003, (Ex. #29, ¶#3)

④ "Nunc-Pro-Tunc Judgment, "FAILS" To Be "SIGNED, By "PRESIDING JUDGE; Hon. Judge George H. Godwin, On June 11, 2003 (Ex. #29 ¶#3)

⑤ "It's IMPOSSIBLE For Nunc-Pro-Tunc Judgment Nunc, "To "Be Entered On June 11, 2003, When Trial Court Still Had Plenary Jurisdiction, But "THE Motion For Nunc-Pro-Tunc Judgment And Hearing, Was "FILED And Conducted, On "February 11, 2009," Some "FIVE-Six Years Later". (Ex. #29, ¶#3, Ex. #27 - Tex. Crim. 316, #39.5(a) #21a) (Hernandez-Lopez 388 SW. 3rd 180)

Cause #940376-

6) "If Presiding 174th Trial Court Judge, George H. Godwin" Had "Entered Said Nunc-Pro-Tunc Judgement," On "June 11, 2003" As "Urged By Respondent, Judge Durfer, Guerrero" then "Trial Court Still Maintained Retained Plenary Jurisdiction, Over Cause #940376," Then "There Would Have Been No Need, or No Reason, For" A "Nunc-Pro-Tunc Motion, Hearing and/or Judgement Five-Six Years Later," On "February 11, 2009." T.R.C.P. #39 (b)(2-3)(4), T.R.C.P. #316, #31(a), #329b (d)(f)

"Respondent Failed To Analyze, Or Rightly Apply, The "Law Correctly To The Facts," Concerning "My Nunc-Pro-Tunc Motion, Hearing and/or Judgement, On "February 11, 2009," to wit; "Texas Rules Of Civil Procedure #316, #31(a), and/or #329b (d)(f)" because "Texas Texas Rule Of Civil Procedure, Rule #316, #31(a) And/or 329b (d)(f)" leave/have That "Respondent Has No Discretion," and/or "Respondent Could Have (Extensibly)(Potentially) Granted Only One Decision," Concerning "Motion For Nunc-Pro-Tunc Judgement," On "February 11, 2009," to wit; "DENIAL" (Hernandez v. Lopez, 288 S.W. 3rd 180-Tex. T.R. #316, #31(a), #329b (d)(f)

"Nunc-Pro-Tunc Judgement, Constitutes' An Abuse Of Discretion, By Respondent, On "February 11, 2009."

IV. FAILURE TO PERFORM A MINISTERIAL DUTY-IV

"Respondent Had A Ministerial Duty," to "Deny" The "Motion For A Nunc-Pro-Tunc Judgement," and/or To Vacate and/or "Set-Aside" THE "Nunc-Pro-Tunc Judgement," because "The Law," to wit; "Texas Rule, Of Civil Procedure, rule #316, #31(a), and/or #329b (d)(f)," and "Established Case Law," to wit; "Hernandez v. Lopez, 288 S.W. 180,"

## -ARGUMENT-

AND "THE ALLEGED ERROR COMPLAINED OF," "TO WIT;" " PLEA TO ENHANCEMENTS" AND "EVIDENCE ON ENHANCEMENTS", PROVIDE "CONCLUSIVE PROOF" THAT "RESPONDENT LACKED JURISDICTION IN THE SENTENCING ISSUE, AND "RESPONDENT COULD HAVE ERRONEOUSLY, NATIONALLY REMOVED ONLY ONE "DEFECT", TO WIT; "DENY" THE "MOTION FOR NUNC-PRO-TUNC JUDGMENT," AWAKE "VACATE OR SET-ASIDE", THE NUNC-PRO-TUNC JUDGMENT.

THEREFORE, PRESENT EVIDENCE REMISSION OF JUDGMENT, IS "ALWAYS INNOCENT PROOF", WHICH "MAY NOT BE CORRECTED BY NUNC-PRO-TUNC JUDGMENT. (HERNANDEZ-V-LOPEZ, 28 SW. 3RD 150 - TEX. APP. '39 - TEX. C.P. 316, '39(A))

ACT IS MINISTERIAL, IF IT DOES NOT INVOLVE, THE EXERCISE OF JUDGMENT. CONST. TEX R.ED., ESTRUCK, 342 SW. 3RD 497 - TEX. TIT. 316, '39(A), '309 6 (A)(7) - & '77 '39 - HERNANDEZ - LUPE, 28 SW. 3RD 180)

"RESPONDENT HAS "FAILED", TO "DENY", THE "MOTION FOR NUNC-PRO-TUNC JUDGMENT, ON FEBRUARY 1, 2009, AND "RESPONDENT HAS "FAILED" TO, VACATE AND SET-ASIDE" SAID "NUNC-PRO-TUNC JUDGMENT, "WHEN ASKED TO DO SO BY RELATOR."

THUS, RESPONDENT HAS "FAILED" TO PERFORM A MINISTERIAL DUTY."

## -ARGUMENT-
## II - DENIAL OF DUE PROCESS AND/OR EQUAL PROTECTION OF LAW II

"RELATOR, WAS DENIED DUE PROCESS, AND/OR EQUAL PROTECTION OF LAW" TO WIT; "RELATOR, WAS DENIED, NOTICE OF, AND "HEARING ON", THE "SAID NUNC-PRO-TUNC JUDGMENT, AND THEREFORE, SAID NUNC-PRO-TUNC JUDGMENT, IS "VOID". (T.C.C.P. # 316, # 39(A), # 329 6 (A)")

# Cause #940376-
## -ARGUMENT-

The "Original Written Rendition Of Judgment, In Cause #940376," Which Is "Relator's Exhibit #77," Was "Rendered Issued On June 10, 2003, And Therefore "Respondent Trial Court's Plenary Jurisdiction Expired On Or Before November, 2003." (R. #77 - T.R.C.P. #329b (d) (f) (.) - Ex. #39)

But, "Said Nunc-Pro-Tunc Judgment," Was "Issued February 11, 2009," Which Is "Five-Six (5-6) Years, After" Plenary Jurisdiction Expired." (Ex. #77, #39 - T.R.C.P. #329b (d) (f))

"Failure To Give All Interested Parties Notice Of The Application" Of "Motion To Correct Judgment, By Nunc-Pro-Tunc," After," Expiration Of Trial Court's Plenary Jurisdiction, Renders Any Correction," A "Nullity." (W. Texas State Bank v. Genests. Mngmt. Corp. 78 SW 3rd 300 - T.R.C.P. #329b (d) (f) #316, #21(a) - Ex. #77, #39)

Constitutional Guarantee Of Due Process, "Requires," Notice "And," Opportunity To Respond." (Carrret-v-Haynes 302 F.3rd 646 - Ex #77, #39 - T.R.C.P. #329b (d) (f), 316, #21(a))

"Writ Of Mandamus Will Issue," ... "If Trial Court 'Fails' To Observe A Mandatory Statutory Provision, ... Performing A Ministerial Action, Or Correcting A Error; In Those Instances, Trial Court's Discretion Is Not Invoked, And "It's Failure To Comply With The Mandatory Provision, Renders It's Order Or Judgment," To Be "Void." (Ins: State Ex Rel. Robinson, 116 SW 3rd 115 - T.R.C.P. 316, 21(a)

"Nothing," In The Record, "Affirmatively Shows That Respondent Complied With The Mandate," Of, "Tx Rules Of Civil Procedure, Rule #316, And Rule #21(a)."

And, "Said Nunc-Pro-Tunc Judgment, "Fails," To Correct A Clerical Error." (Hernandez-v-Lopez 268 SW. 3rd 180 - Ex #77, #39 - T.R.C.P. 316, #21(a))

# -Cause# 940376-

## -ARGUMENT-
## VI -NO ADEQUATE REMEDY BY APPEAL -VI

"Relator 'Lacks' An Adequate Remedy By Appeal, To Attack," Said "Nunc-Pro-Tunc Judgement", Because "Time Limits For Filing Any Type Form Of Appeal", Have "All Expired."

However, "Because Said Nunc-Pro-Tunc Judgement", Is "Void", The "Relator Is "Not" Required", To "Establish That Relator Has No Adequate Remedy On Appeal".

"If The Order/Judgement Challenged By A Writ Surface Mandamus", Is "Void", The "They Need "Not" Show", That "It Lacks An Adequate Appellate Remedy." (In Re: State Ex. Rel. Robinson, 116 SW.3rd 215 - In Re: Small, 256 SW.3rd 525)

"Mandamus Will Issue, To Update / Set-Aside, "A "Void Order" Even "When There 'Is' An Adequate Remedy By Appeal." (In Re: Flores, 111 SW.3rd 817 - In Re: Mask, 216 SW.3rd 543 - In Re: Off. Attorney Gen. Of Texas, 264 SW.3rd 800)

## -ARGUMENT-
## VII - No Adequate Remedy By Law -VII

"Relator Lacks An Adequate Remedy By Law, To Attack," Said "Nunc-Pro-Tunc Judgement", Because "Said Nunc-Pro-Tunc Judgement, Was Rendered On February 11, 2009." (Ex. ## ) Thus, "Pursuant To T.R.C. Pro. "329b(a)(c)", The "Trial Court's Plenary Jurisdiction, Expired On," Or "No Later Than (March 15, 2009) 30 (Thirty) Day After Said Nunc-Pro-Tunc Judgement Was Signed"; And Now, The Court Lacks Jurisdiction To Grant New Trial, Modify Correct Or Reform Said

"Nunc Pro-Tunc Judgment," And "Time Limit For Filing A Bill Of Review Has Expired" (McCormick-Lopez, 28 SW 3d 180 - T.R.C.P. #306b(a)(4))

However, 'Because Said Nunc-Pro-Tunc Judgment,' "Is VOID', The 'Relator Is 'Not Required' To Pursue Other Available Remedies,'

"When Trial Court Is Clear Is VOID," It Is "Unnecessary For Relator To Show, That Relator Pursued Other Available Remedies,' And 'Mandamus Will Issue Regardless, (28 SW 3d 398 - In Re: Lowell Hayes, 969 SW 2d 503 - S/ Mandamus 'Writ')".

"Because Trial Courts Orders Are VOID, A 'Relator 'Can' Secure Mandamus Relief Without 'Showing,' THAT 'He Has No Adequate Remedy At Law.' (Amateur Hairdressers-V-Hitman, 893 SW 2d 602 - In S/re Rocking 815 SW 2d 638 - Eagle Signal Corp-V-Watts, 766 SW 2d 39 - T.R.A.P. #346, 24(a), 306b(d)(4).)

Also, "Since Trial Court Lost Plenary Jurisdiction, Thirty (30) Days' After', Said 'Nunc Pro-Tunc Judgment Was Signed,' Then "A Petition Request, And/Or 'Refusal By Respondent/Trial Court Is Excused,' Because 'Even A Request Would Be Futile, And "Respondent's Refusal A Mere Formality," And, "Once Relator's Motion To Vacate' Said Nunc-Pro-Tunc Judgment, Was Filed On Or About January 04, 2020, Then By Written Order,' Said Motion To Vacate Nunc-Pro-Tunc Judgment, "Is Deemed Denied".

## - PRAYER -

Whereupon Premises Considered, Relator Prays That, "This Court Shall Declare Said Nunc-Pro-Tunc Judgment,' To Be 'VOID', Order Respondent To Immediately Vacate/Set-Aside Said Nunc-Pro-Tunc Judgment, Declare The Twenty-Five Year Sentence Imposed In Cause #946376, To Be An' Illegal Sentence And A VOID Sentence, Declare That Relator's Conviction In Cause #946376 Fails To Be A 'Final Judgment, Declare That Texas First Court Of Appeal's Judgment In Cause #01-03-00633-CR Which Affirmed Th Conviction In Cause #946376 Is VOID Due To Lack Of Jurisdiction, To Review Direct Appeal, Remand Cause #946376 To Trial Court (174th) For New Trial On Punishment and/or New Sentence As Well As Any/All Other Relief Relator May Be Entitled To, At Law, In Equity, In

-Cause# 940376-

-CERTIFICATION-

"I, Ted Lawrence Robertson, #1175868, Certify That I Have Reviewed This Petition, And Concluded That Every Factual Statement, In This Petition, Is Supported By Competent Evidence, Included In The Appendix Or Record."

Ted L. Robertson (Pro Se)

-APPENDIX-

Appendix Includes, The Following:
① "Original Written Renditions Of Judgment, In Cause# 940376"
Relator's Exhibit #33 - Certified Document #15439435

② "Nunc-Pro-Tunc Judgment, In Cause# 940376, Entered February 11, 2009"
Relator's Exhibit #29 - Certified Document #41069959

-Texas Rules Civil Procedure #316-Correction Of Clerical Errors In Judgment:
"Clerical Mistakes,... May Be Corrected By Judge In Open Court,... After Notice Of The Motion Has Been Given To The Parties, Interested In Said Judgment, As Provided By Rule #21(a)."

Texas Rules Civil Procedure #21(a)-Methods Of Service:
"Every Notice Required By These Rules, And Every Pleading, Plea, Motion, Or Other Form, Of Request, Required To Be Served Under Rule 21,... May Be Served By,... Certified Or Registered Mail, To Parties Last Known Address..."

-Cause No. 376-

-Certificate Of Service-

"I, Ted L. Robertson, #1175868, Being Presently Confined At Michael Unit, Of T.D.C.J., Declare Under Penalty Of Perjury, That The Foregoing Is True And Correct, And That A True And Correct Copy Of This Document, Was Sent By Regular U.S. Mail, To Respondent/Judge Ruben Guerrero, In 174th Harris County District Court, By 1201 Franklin, Houston, Tx. 77002, By Presenting Same/Said Document, In ___ Unit's Internal Mail, Postage Prepaid, On 'June 24, 2015'"

_Ted L. Robertson (Pro-Se)_

-Affidavit Of Inability To Pay Costs-

"The Following Affidavit, Is Made Pursuant To The 'Texas Rules Of Civil Procedure, Rule 145', And/or 'Title #6, Chapter #132, Of Texas Civil Practice And Remedies Code':

Now Respectfully Comes Relator, Ted L. Robertson #1175868 And Declares That I Am Unable To Pay The Court Costs In This Civil Action, And 'Request Of The Court To Proceed In Forma Pauperis', In This Civil Action, And Would Show The Court, The Following:

①I Am Presently Confined At The Michael Unit, Of T.D.C.J., 'Where I Am Not Allowed To Earn Or Handle Money,

②I Have 'Zero' Current Employment Income,

③I Have 'Zero' Government Entitlement Income,

④I Have 'Zero' Source Of Other Income,

⑤I Have 'Zero' Spousal Income;

Cause #940376

(6) I Currently Have 'Zero' Value Credited To My Inmate Trust Fund,

(7) I Have 'Zero' Cash,

(8) I Have 'Zero' Checking Or Savings Account,

(9) I Have 'Zero' Stocks, Insurance, And/Or Trust Fund,

(10) I Have 'Zero' Other Assets,

(11) During Periods 'Confinement' In T.D.C.J., Relative His Receives Approximately 'Forty ($40.⁰⁰) Dollars Per Month', As "Gifts From Family And/Or Friends',

(12) I Neither Own, Nor Have Interest In Any, Realty, Stocks Bonds Or Bank Account, And I Have Received 'Zero' Interest, Or Otherwise Income From Any Source,

(13) I Have 'Zero' Dependents,

(14) I Have Total Debts Of Approximately $10,000.⁰⁰ (Ten-Thousand Dollars),

(15) I Have/Owe Approximately $500.⁰⁰ (Five-Hundred Dollars) In Court Costs,

(16) I Have 'Monthly Expenses' Of Approximately '75.⁰⁰ (Seventy-Five Dollars),

(17) I Have 'Zero' Ability To Obtain A Loan For Court Costs,

(18) No Attorney's Provided Me Free Legal Service To Relator, With Or Without A Contingency Fee,

(19) 'No' Attorney', Has Agreed To Pay For Advance Court Costs."

"I Am Unable To Pay The Court Costs. I Verify That The Statements Made In This Affidavit, Are True And Correct."

(signature)

(Ex, #39)



Cause No. <u>940376</u>

The State of Texas

v.

<u>ROBERTSON, TED</u>

a/k/a _____

In the <u>174th</u> District Court  or  County Criminal Court at Law No. _____
Harris County, Texas

ENTRY OF JUDGMENT NUNC PRO TUNC

Today, the Court held a hearing on

☐ the State's written motion for judgment nunc pro tunc.

☐ the Defendant's written motion for judgment nunc pro tunc.

☒ its own motion.

Satisfied from its own recollection and / or from the evidence presented the Court grants the motion and **ORDERS** entry of the following judgment in the minutes of the Court in the above styled and numbered case to make the following correction:

<u>PLEA TO ENHANCEMENT PARAGRAPHS IS NOT TRUE. FINDINGS ON ENHANCEMENTS IS TRUE.</u>

☒  If applicable, the judgment nunc pro tunc supersedes the erroneous judgment previously entered and attached.

Signed this date: <u>February 11,</u>
<u>2009</u>.

_____
Judge Presiding

Certified Document Number: 41069959 - Page 3 of 5

13/98



## JUDGMENT ON PLEA BEFORE JURY
## COURT/JURY ASSESSING PUNISHMENT

CAUSE NO. **940376**

THE STATE OF TEXAS
VS.

**TED ROBERTSON**
(Name of Defendant)

AKA _____

IN THE **174** DISTRICT COURT

COUNTY CRIMINAL COURT
AT LAW NO. _____

OF HARRIS COUNTY, TEXAS

| Date of Judgment: **6-10-2003** | Date Sentence Imposed: **6-10-2003** | Sentence to Begin: **11/7/2002** | Date of Offense: **3/2/2002** |

Attorney for State: **T BENNETT & LINCOLN GODWIN**

Attorney for Defendant: **N/A**    ☒ Defendant Waived Counsel **PROSE**

Offense Convicted of:

☐ A MISDEMEANOR, CLASS: A | B | C    ☑ A FELONY, DEGREE: SJ | ③3rd | 2nd | 1st | CAPITAL

Jury Verdict: GUILTY    Foreperson: **LARRY GENE DURAND**

**(Circle appropriate selection — N/A = not available or not applicable)**

Plea to Enhancement Paragraph(s): 1st Paragraph True | (Not True) | N/A    2nd Paragraph True | (Not True) | N/A    Charging Instrument: Complaint | (Indictment) | Information

Findings on Enhancement(s): 1st Paragraph (True) | Not True | N/A    2nd Paragraph (True) | Not True | N/A    Plea: Guilty | Nolo Contendere | (Not Guilty)

Affirmative Findings:

Deadly Weapon (Yes) | No | N/A    Family Violence: Yes | No | (N/A)    Victim Selected by Bias/Prejudice: Yes | No | (N/A)    Victim Younger Than 17 years: Yes | No | (N/A)    Controlled Substance Used to Commit Crime: Yes | No | (N/A)

Punishment Imposed by COURT (JURY)    **(Mark all that apply)**

and Place of Confinement:

**25 YEARS TDC**

☑ Institutional Division, TDCJ
☐ State Jail Division, TDCJ
☐ Harris County Jail

☐ Sentence suspended, Defendant placed on community supervision for **N/A**
☐ SEE SPECIAL INSTRUCTIONS, incorporated herein by reference.

Fine in the Amount of: $ **N/A**    ☐ Fine Only

| Time Credited: **N/A** | days toward incarceration **N/A** | days toward fine and costs **N/A** | days toward incarceration, fine and costs **N/A** | COURT COSTS: $ **358** |

**(Mark appropriate selections below, if applicable)**
**N/A**

☐ Name changed from _____

☐ Judgment Addendum incorporated herein by reference.

☐ Driver's license is suspended for a period of **N/A** days/months/years.

☐ The Defendant is entitled to **N/A** days credit toward suspension of driver's license.

☐ It is ordered by the Court, that any weapon(s) seized in this case is/are hereby forfeited.

☐ Educational program waived in accordance with Article 42.12 Sec. 13 (h), upon a finding of good cause by the Court.

☐ In accordance with Section 12.44(a), Penal Laws of Texas, the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. The Defendant is adjudged to be guilty of a state jail felony and is assessed the punishment indicated above.

☐ In accordance with Section 12.44(b), Penal Laws of Texas, the Court authorizes the prosecuting attorney to prosecute this cause as a Class A misdemeanor. The Defendant is adjudged to be guilty of a Class A misdemeanor and is assessed the punishment indicated above.

Certified Document Number: 41069959 - Page 4 of 5



This cause being called for trial in Harris County, Texas, unless otherwise referenced, the State appeared by her District Attorney as named above and the Defendant named above appeared in person with Counsel as named above; or the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above in writing in open court, and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent and having pleaded as shown above to the charging instrument, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreperson and eleven others for a felony offense indicated above or the above named foreperson and five others for a misdemeanor offense indicated above, was duly selected, impaneled, and sworn, the jury having heard the charging instrument read and the Defendant's plea thereto and having heard the evidence submitted and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and the defendant's counsel, if any, being present, and returned into open court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

The Defendant having previously elected, in writing and at the time of his plea, to have punishment assessed as indicated above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court, they retired to consider such question and after having deliberated they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed punishment of the Defendant as shown above.

IT IS CONSIDERED, ORDERED, AND ADJUDGED by the Court, in the presence of the Defendant, that the said judgment be and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, and said Defendant as indicated above. Further, the Court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, Sec. 9, code of Criminal Procedure.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Institutional Division or the State Jail Division of the Texas Department of Criminal Justice (TDCJ) that the Defendant be delivered by the Sheriff of Harris County, Texas immediately to the Director of the Institutional Division or the State Jail Division, TDCJ, or any other person legally authorized to receive such convicts, and said Defendant shall be confined in the Institutional Division or State Jail Division, TDCJ for the period indicated above, in accordance with the provisions of the law governing the Institutional Division or State Jail Division, TDCJ. The Defendant is remanded to the custody of the Sheriff of Harris County until said Sheriff can obey the directions of this sentence.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Harris County Jail that the Defendant is remanded to the custody of the Sheriff of Harris County, Texas, unless the Defendant is instructed to voluntarily surrender to the Sheriff on the date the sentence is to begin, as indicated above. The Sheriff shall confine the Defendant in the Harris County Jail for the period indicated above, and until the fine and costs are fully satisfied in accordance with law.

IT IS ORDERED by the Court that if the punishment assessed against the defendant is for a fine only, the Defendant is ordered to immediately proceed to the Office of the Harris County Sheriff and pay all fine and court costs as ordered by the Court in this cause, unless the Court orders the Defendant to be committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to begin, as indicated above, to be confined in the Harris County Jail until the fine and costs are fully satisfied in accordance with law; or as indicated above.

IT IS ORDERED by the Court that the sentence indicated above is to be executed, unless it is indicated above that the sentence is to be suspended, and if so, the Defendant is placed on community supervision for the period indicated above pending his abiding by and not violating the terms and conditions of his community supervision.

IT IS ORDERED by the Court that this sentence runs concurrent with any other sentence(s) unless it is indicated on the Judgment Addendum that the sentence is to run cumulatively.

Signed and entered on ___6 - 11 - 2003___

X /s/ GEORGE GODWIN
GEORGE GODWIN
JUDGE PRESIDING

Community Supervision
Expires on: ___N/A___

Notice of Appeal: ___6-10-2003___

Mandate Received: ___8-24-05 AFFIRMED___

After Mandate Received, Sentence to Begin Date is: ___11/7/02 WITH Ø DAYS CREDIT___

Received on _____ at _____ AM | PM.
Sheriff, Harris County, Texas

By: _____ Deputy

SPECIAL INSTRUCTION OR NOTES: _____

| Entered | |
| Verified | |
| LCBT | |
| LCBU | |

Right Thumbprint

Certified Document Number: 41069959 - Page 5 of 5